17-1180-cv
*Saleh Altayyar, et al. v. Etsy, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April , two thousand eighteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges*,
            DENISE COTE,
                    *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SALEH ALTAYYAR, ANDREW HUANG, SARAH CHANG, and MARY M. GILTENAN, Individually and on Behalf of All Others Similarly Situated,
                    *Plaintiffs-Appellants*,

ARTHUR CERVANTES, MICHAEL WEISS,
                    *Intervenor-Plaintiffs*,

                    v.                              17-1180-cv

ETSY, INC., CHAD DICKERSON, KRISTINA SALEN, JAMES W. BREYER, M. MICHELE BURNS,

---

[*]    Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

JONATHAN D. KLEIN, FRED WILSON,
GOLDMAN SACHS & CO., MORGAN STANLEY
& CO. LLC, ALLEN & COMPANY LLC, LOOP
CAPITAL MARKETS LLC, THE WILLIAMS
CAPITAL GROUP, L.P.,

                              *Defendants-Appellees.* [*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | MATTHEW L. TUCCILLO (Jeremy A. Lieberman, Jennifer B. Sobers, *on the brief*), Pomerantz LLP, New York, New York. |
| FOR DEFENDANTS-APPELLEES GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO., LLC, LOOP CAPITAL MARKETS, LLC, AND THE WILLIAMS CAPITAL GROUP, L.P.: | STEPHEN P. BLAKE (James G. Kreissman, Jonathan K. Youngwood, *on the brief*), Simpson Thacher & Bartlett, New York New York. |
| FOR DEFENDANTS-APPELLEES ETSY, INC., CHAD DICKERSON, KRISTINA SALEN, JAMES W. BREYER, M. MICHELE BURNS, JONATHAN D. KLEIN, AND FRED WILSON: | JOSEPH R. PALMORE (Kayvan B. Sadeghi, Joel C. Haims, Seth W. Lloyd, *on the brief*), Morrison & Foerster LLP, New York, New York, and Washington, D.C. |

Appeal from the United States District Court for the Eastern District of

New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

[*]      Mary M. Giltenan is the court-appointed lead plaintiff.  The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

In this putative class action, plaintiffs-appellants Mary M. Giltenan, individually and on behalf of all others similarly situated, Saleh Altayyar, Andrew Huang, and Sarah Chang appeal from the district court's judgment entered March 23, 2017 granting the motion to dismiss of defendants-appellees Etsy, Inc. ("Etsy"), its Chief Executive Officer Chad Dickerson, Chief Financial Officer Kristina Salen, Directors James Breyer, M. Michele Burns, Jonathan Klein and Fred Wilson, and underwriters Goldman Sachs & Co., Morgan Stanley & Co., Allen & Company LLC, Loop Capital Markets LLC, and The Williams Capital Group, L.P. The district court explained its reasoning in a memorandum decision and order issued March 16, 2017.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Etsy is an online forum that allows individuals to buy and sell handmade items, vintage goods, and craft supplies. Plaintiffs are investors who purchased or acquired Etsy securities and allege that defendants made material misstatements and omissions that artificially inflated Etsy's stock price, causing the plaintiffs to suffer a loss when the stock price dropped. Plaintiffs' claims largely originated from analyst reports, including one issued by Wedbush Securities (the "Wedbush Note"), which suggested that Etsy was doing a poor job at identifying and removing items from its

---

[1] The memorandum decision and order is stamped March 16, 2016 and signed March 15, 2016, but was actually filed on March 16, 2017.

marketplace that (1) did not meet its terms and guidelines or (2) infringed trademarks or copyrights. According to the plaintiffs, the revelations in these notes resulted in a decline in Etsy's stock value, which is the basis for the plaintiffs' claim of injury.

Plaintiffs' "revised amended" complaint (the "Complaint") alleges that Etsy and its officers violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78tj(b) (Count I); Etsy's officers violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a) (Count II) and Section 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77o (Count V); and all defendants violated Sections 11 and 12(a)(2) of the Securities Act, 15 U.S.C. §§ 77(k), 77(a)(2) (Counts III-IV). The district court dismissed the Complaint with prejudice for failure to state a claim. Plaintiffs appeal.

We review *de novo* a district court's order granting a motion to dismiss. *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99-100 (2d Cir. 2015). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In an Exchange Act case, we apply a heightened pleading requirement imposed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, and Federal Rule of Civil Procedure 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see*

*also Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012).[2] We conclude that plaintiffs' appeal is without merit and affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order.

To state a claim under Section 10(b) and 10b-5, a plaintiff must allege, *inter alia*, that each defendant "made misstatements or omissions of material fact." *Stratte-McClure*, 776 F.3d at 100 (quoting *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007)). If the plaintiff chooses to challenge an opinion as a misrepresentation, she must allege that the statement was "both objectively false and disbelieved by the defendant at the time it was expressed." *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011). A statement or omission is material if "a reasonable investor would have considered [it] significant in making investment decisions." *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161-62 (2d Cir. 2000) (citations omitted). Pleading a misrepresentation requires pleading an untrue statement. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1325-26 (2015). Sincere statements of opinion are not untrue statements. *Id.* Similarly, Securities Act claims under Sections 11 and 12(a)(2) require a plaintiff to plead facts showing that the

---

[2]     The heightened pleading requirement applies to certain Securities Act claims. *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004). As we agree with the district court, however, that the Complaint does not meet the ordinary pleading standards of Federal Rule of Civil Procedure 8, we need not determine whether to apply a heightened pleading standard here. *See id.* at 171 (noting application of heightened pleading standard).

defendant made a material misstatement or omission. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358-59 (2d Cir. 2010).

Here, the Complaint fails to allege actionable material misstatements or omissions. Rather, the purported misstatements consist of vague aspirational statements, *see, e.g.,* Compl. ¶ 123(b) ("We are committed to helping Etsy sellers who want to work with responsible, small-batch manufacturing partners to increase their production.") (emphasis omitted); *id.* ¶ 125(a) ("We cancel transactions if fraud is detected, and we strive to prohibit bad actors from using our platform.") (emphasis omitted); or statements of opinion, *see, e.g., id.* ¶ 127 ("At Etsy, we believe that our strength and business success rest in the interdependence among Etsy sellers, Etsy buyers, responsible manufacturers and our employees -- in other words, our community.") (emphasis omitted); or statements of policy and values, *see, e.g., id.* ¶ 119 ("Our values are integral to everything we do. . . . We are a mindful, transparent and humane business.") (emphasis omitted). While the Complaint does rely on some factual statements, it fails to plausibly allege that they are false or misleading. *See Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982); *see also Omnicare,* 135 S. Ct. at 1318 (distinguishing between statements of fact (*e.g.,* "the coffee is hot") and statements of opinion (*e.g.,* "I think the coffee is hot")).

As the plaintiffs have not identified any actionable statements, the district court correctly dismissed Count I.[3]  As secondary liability under Section 20(a) depends on a primary violation of Section 10(b), the district court also correctly dismissed Count II.  *See Steginsky v. Xcelera Inc.*, 741 F.3d 365, 371 (2d Cir. 2014).  Additionally, the district court correctly dismissed Counts III-V as the Securities Act claims also required allegations of material misrepresentations.[4]

We have considered all of the plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]  As we conclude that defendants failed to plead material misrepresentations we need not consider, and express no opinion as to, the issue of scienter.

[4]  Plaintiffs also argue that the district court erred in effectively denying their request for leave to amend by dismissing their complaint with prejudice.  When a plaintiff does "not advise the district court how the complaint's defects would be cured," however, it is not an abuse of discretion to implicitly deny leave to amend.  *Porat v. Lincoln Towers Cmty. Assoc.*, 464 F.3d 274, 276 (2d Cir. 2006).  Here, plaintiffs requested leave to amend in a cursory manner without any explanation for how they would be able to cure the complaint's defects.  Accordingly, the district court did not abuse its discretion in denying plaintiffs' leave to amend.